IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN H. SMITH,

    Plaintiff,

v.                                                  No. 13cv0159 WJ/LAM

RAY POWELL; DONALD MARTINEZ;
MELISSA ARMIJO;
GABRIELLE A. GERHOLT; and
NEW MEXICO NATIONAL GUARD,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon the *Defendants' Motion to Dismiss*, filed May 23, 2013 [Doc. 10], which seeks a total dismissal of pro-se Plaintiff Alan H. Smith's Amended Complaint brought under 42 U.S.C. § 1983 for alleged violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. Having reviewed the parties' briefs and the applicable law, I conclude that Defendants' motion should be granted in part and denied in part.

**I. Allegations in the Amended Complaint.**[1]

For the purposes of resolving the motion to dismiss, the Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to Mr. Smith. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In 1997 Mr. Smith purchased a 745-acre ranch, to which he gains access to "service [his] improvements (corrals, fences, house, and water

---

[1] The Court has had to cobble together its understanding of the situation from the disjointed allegations in the Amended Complaint, and has made every effort to liberally construe the Amended Complaint.

wells/dam)" by a dirt road crossing land belonging to a New Mexico State School Trust ("the School-Trust Parcel"). First Am. Compl. at 1-2, ¶ B1; *id.* at 6, ¶ p5. The School-Trust Parcel consists of over 13,000 acres, which Mr. Smith leases for agricultural purposes[2]. *See id*. Mr. Smith has a statutory duty, as lessee of the School-Trust Parcel, to "prevent trespass and waste." *Id.* at 10, ¶ p22.

The New Mexico National Guard owns a 2080-acre rifle range apparently located within the boundaries of the School-Trust Parcel, *see* Doc. 13 at 3 (stating that the "school trust land [] completely surround[s] the Rifle Range"), and its officers and trainees use the same dirt road to access the rifle range. *See* Am. Compl. at 6, ¶¶ p13-p15; *id.* at 7 p17. But the National Guard did not submit to the New Mexico Land Office a Right-of-Way application for permission to use the School-Trust-Parcel road to gain access to the rifle range until 2012 (which was granted), and any rights the National Guard has to use the road easement have apparently never been recorded in the public records. *See* Am. Compl. at 5, ¶ p11; *id.* at 6, ¶ p15; *id.* at 7, ¶¶ p16, p19; *id.* at 11, ¶ p25.

Mr. Smith apparently has unsuccessfully attempted in the past to obtain the State Land Office's permission to put a gate across the School-Trust-Parcel road to keep out trespassers, including dove hunters and other individuals who have illegally accessed his leased property, and who have shot his livestock and improvements. *See id.* at 2, ¶¶ B1-B2 & p4; *id.* at 4, ¶ p7; *id.* at 7, ¶ p16. The New Mexico State Land Office passed a resolution in 2001 to deal with some of the trespass issues, "but only one part was acted on and finalized." *Id.* at 2, ¶ B2. In 2008, after "a series of incidents with dove hunters," Mr. Smith filed with the Land Office an administrative claim for $800 in "consequential damages." *Id.* at 2-3, ¶ p4. He also filed "a claim for

---

[2] Mr. Smith also has a BLM lease and other land that he claims to adversely possess, *see* Am. Compl. at 2, ¶ B1, but those parcels of land are not relevant to his suit.

ownership of the [School-Trust-Parcel] road system," and asked for a ruling on who owned the road and who was liable for its maintenance and for damages to his vehicles caused by the lack of maintenance. *Id.* at 3, ¶ p5.  In 2009, Defendant Gerholt, who was associate counsel for the Land Office's Legal Division, came out to the School-Trust Parcel and examined the road, but "refused to stop and look at the corrals where the dove hunters hunt." *Id.* at 4, ¶ p6.4.  Ms. Gerholt sent Mr. Smith a letter in February 2010, and he also received the Land Office's 2010 administrative "agency determination," which, he complains, "was vague and didn't address any of the specific claims." *Id.* at 3-4, ¶¶ p6.1, p6.5.

The Amended Complaint states that, because the National Guard trainees often travel on the School-Trust-Parcel road, it has become "heavily washboarded" and impassable in areas, and the trainees and trespassers have driven onto his leased land to avoid potholes and impassable areas, destroying "native vegetation" and tearing up the leased pastures. *See id.* at 7, ¶ p16; *id.* at 9, ¶ p20.7; *id.* at 11, ¶ p25.  Further, because no maintenance has been done on the road, Mr. Smith's vehicles have been damaged in the amount of $671.  *See id.* at 10, ¶ p22.

Defendant Ray Powell, acting as the Commissioner of Public Lands, signed the "Lease granting the National Guard their Right of Way of an existing Road." *Id.* at 5, ¶ p10.  The only allegations associated with Defendant Donald Martinez are that, as the Surface Division Director of the State Land Office, he is referred to as the person to call with any questions about the June 2012 letter informing Mr. Smith that the Land Office had approved the National Guard's application to use the School-Trust-Parcel road.  *Id.* at 5, ¶ p11.  And the only allegations associated with Defendant Melissa Armijo are that, in her position as a management analyst for the Right of Way and Water Resources Bureau for the State Land Office, she authored the June 2012 letter.  *Id.* at 6, ¶ p12.

Mr. Smith contends in Count I, which seems to be brought only against Defendant Gerholt, *see* Am. Compl. at 2, ¶ p2, that, because the Land Office never made a ruling on his right to exclude others from the School-Trust Parcel or on his claim of ownership of the road and the agency determination letter was "vague," and because Gerholt failed to visit the corrals where the dove hunters trespass or to further communicate with him, trespassing has continued and he has been unable to exclude others from unlawfully using his property, thus he has been deprived of his due-process rights and is entitled to $800 in "consequential" damages. *See id.* at 3-4, ¶¶ p6-p8.

He contends in Count II, which is brought against Defendants Powell, Martinez, Armijo, and the New Mexico National Guard, that, because the State Land Office has refused to rule on who owns or should maintain the School-Trust-Parcel road, it has not been maintained, his access to his property and his ability to perform his duty to prevent trespass and waste have been impaired and he has suffered damage to his vehicles – also in violation of his due-process rights. *See id.* at 7-8, ¶ p20.

Mr. Smith seeks the following relief: (1) a declaratory judgment determining the ownership of the road system on the School-Trust Parcel and whether there are any "RS2477 Right of Ways" pertaining to that road; (2) if he is determined to be the owner of the School-Trust Parcel road, that the Court rescind the State Land Office's approval of the National Guard's Right of Way; (3) that the Court require the National Guard to record its Right of Way and then require it to repair and maintain the road and restore the vegetation that has been damaged; and (4) monetary damages in the amount of $671 "against whichever Defendant the Court finds to be liable" for the damage to Mr. Smith's vehicle. Am. Compl. at 11-12, ¶¶ p23-p26.

## II. Applicable legal standards.

Defendants bring their motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, bracket, and citations omitted).

Mr. Smith brings his cause of action pursuant to § 1983, which provides in relevant part that

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (italics added). It is well-established that "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). While a state official may not be sued for monetary damages in his or her official capacity under §1983 (because such a suit is no different from a suit against the state itself), a state official may be sued in his or her official capacity for injunctive relief because official-capacity actions for prospective relief are not treated as actions against the state. *See Will*, 491 U.S. at 71 & n.10; *Harris*, 51 F.3d at 906. To obtain declaratory relief pursuant to § 1983, a plaintiff must meet the "actual controversy" requirement of the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Johnson v. Lally*, 118 N.M. 795, 798-99, 887 P.2d 1262, 1265-66 (N.M. Ct. App. 1994) ("Under the great weight of the case law, it is clear that past wrongs, even unconstitutional wrongs, do not create a foundation for declaratory relief without either continuing illegal actions or continuing consequences to Plaintiff."). To determine whether the "actual controversy" requirement is met, courts "look beyond the initial controversy which may have existed at one time; rather, they must decide whether the facts alleged, under all the circumstances, show that there is a substantial controversy [] of sufficient *immediacy and reality* to warrant the issuance of a declaratory judgment." *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1452 (10th Cir. 1990) (emphasis in original) (quotation marks and citation omitted).

### III. Analysis

**A. Mr. Smith's claims for monetary damages must be dismissed against all Defendants.**

As noted above, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983," and neither the State nor its officials may be sued for monetary damages in federal court under the Eleventh Amendment.  *Harris*, 51 F.3d at 905-06.  Further, the Court finds that Mr. Smith's Amended Complaint fails to allege sufficient facts to demonstrate that any of the individual Defendants, acting in an individual capacity, violated Mr. Smith's constitutional rights.  The Court will, therefore, dismiss all claims for monetary damages against all Defendants.

**B.  Mr. Smith has stated a cognizable claim under § 1983 for a declaratory judgment regarding his right to exclude trespassers from the School-Trust Parcel and regarding who is responsible for the maintenance of the School-Trust-Parcel road on the leased land.**

Defendants contend that both Counts I and II should be dismissed because Mr. Smith fails to state a claim under either the Taking Clause or the Just Compensation Clause of the Fifth Amendment of the United States Constitution.  *See* Doc. 11 at 3-9; 12-15.  They assert that "[t]respass by private 'dove hunters,' who are not employees, agents, or representatives of the state, is not a governmental taking within the meaning of the law." *Id.* at 4.  They also assert that, "[a]s a matter of law, the SLO is not responsible to compensate a land owner or leasee for damages committed by private, individual trespassers." *Id.* at 6.  Defendants further argue that, since Mr. Smith "has not properly alleged or established that [the] Defendant[s] . . . violated the Taking Clause or the Just Compensation Clause of the Fifth Amendment," he "has thereby failed to properly allege or establish the threshold element of a either a procedural, or a substantive, due

process claim, *i.e.*, that he was, in fact, deprived of a significant property interest by the state." *Id.* at 8-9, 15.

Defendants "concede that the right to possession of property is a clearly established constitutional right." *Id.* at 10. Defendants fail to acknowledge, however, that Mr. Smith's request for a declaratory judgment is not based solely on the Takings Clause of the Fifth Amendment, but, rather, principally on the Due Process Clause and his protected property interest in the leased lands. He alleges that the State Land Office officials have prohibited him from putting up a gate to keep illegal trespassers off of his leased land and have refused to rule on whether he has the right to exclude others from it. He contends that the State Land Office has permitted the National Guard to drive on, and tear up, the road on land that he exclusively leases, causing damage to him. Although he should have named Commissioner Powell as the official defendant in Count I, instead of Defendant Gerholt, Mr. Smith has stated a cognizable claim under § 1983 for a declaratory judgment that will determine whether he has the right to exclude from the School-Parcel Trust the trespassers that are damaging his livestock, outbuildings, and grazing land, and whether the State Land Office must require the National Guard to help maintain the School-Parcel-Trust road as a condition of use.

Defendants next contend that the individual Defendants are entitled to qualified immunity on Mr. Smith's claims. *See* Doc. 11 at 9-12, 16-18. While the doctrine applies to claims for monetary damages, it does not apply to claims for declaratory relief. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. ") (internal quotation marks omitted); *Kerns v. Bader*, 663 F.3d 1173, 1187 n.5 (10th Cir. 2011) (giving

"claims for injunctive or declaratory relief" as two examples of situations in which "the qualified immunity overlay isn't in play").

The Court further concludes, however, that the Amended Complaint does not contain sufficient allegations to sustain claims for declaratory or injunctive relief against Defendants Gerholt, Martinez, and Armijo, acting in their official capacities, and the Court will dismiss them as Defendants.

Defendants next contend that

> Plaintiff was compelled to bring his [§ 1983] cause of action within four years of discovering that his "improvements and livestock" were being damaged or stolen. Because Plaintiff did not file his lawsuit until February 19, 2013 (*see*, Doc. 1), Plaintiff's claim is barred by the statute of limitations and should be dismissed for failure to state a claim for which relief can be granted.

Doc. 11 at 19. The Amended Complaint, however, states that the State Land Office did not issue a decision regarding Mr. Smith's requests for compensation for damages done to his livestock and improvements by trespassers, or on his requests for a ruling on whether he may exclude trespassers or who owns the State-Trust Parcel Road and is liable for its maintenance, until 2010, and that the Land Office did not grant the easement to the National Guard until 2012. Mr. Smith's claims for declaratory relief are not, therefore, barred by the four-year statute of limitations.

The New Mexico National Guard and the official-capacity Defendants assert that this Court does not have subject-matter jurisdiction over Mr. Smith's claims because of the Defendants' sovereign immunity established by the Eleventh Amendment to the United States Constitution. *See* Doc. 11 at 21-22. As Defendants point out, the "New Mexico National Guard is a division of the New Mexico Department of Military Affairs and is an agency of the State of New Mexico." Doc. 11 at 21; *see* NMSA §§ 20-3-1, 20-3-2.

While the Eleventh Amendment protects an agency of the State from suit in federal court for monetary damages and declaratory and injunctive relief, *see Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 n. 3 (10th Cir. 1998), it does not protect officials acting in their official capacities from suits for declaratory or injunctive relief.  The Court will dismiss the National Guard as a Defendant, but will permit Mr. Smith an opportunity to substitute for the New Mexico National Guard an official from that agency who has the authority to act on behalf of the agency in a declaratory-judgment action.

It surprises the Court that, in our current economy, the State has chosen to pay attorneys thousands of taxpayer dollars to litigate this suit instead of to simply apply the statutory and common-law principles related to a leasee's right to prevent trespass and waste on leased state-trust lands, and the law regarding who is responsible for maintaining exclusive-use roads on state-owned but privately-leased property.  It seems that it should be simple enough to negotiate a reasonable solution both to Mr. Smith's dilemma of illegal trespass by hunters (while maintaining the National Guard's ability to access its rifle range) and to determine equitable road maintenance by those who use, and are benefitted by, the road easement.

**IT IS ORDERED** that the Defendants' motion to dismiss [Doc. 11] is GRANTED in part and DENIED in part; that all claims for monetary damages are DISMISSED; that the Defendants, except for State Land Commissioner Ray Powell, are dismissed from this action; and that Mr. Smith shall have 14 days to submit an amended complaint that names an official to substitute for the New Mexico National Guard.

_____
UNITED STATES DISTRICT JUDGE